Steven A. Simons, Esq. (SBN: 131410)
Law Offices of Steven A. Simons
16933 Parthenia St. Suite 202
Northridge, CA 91343
Tel: 818.368.9642 or 818.788.5291
Fax: 818.363.9288
*simonslaw@verizon.net*

Stephanie R. Tatar, Esq. (SBN: 237792)
TATAR LAW FIRM, APC
3500 West Olive Ave., Suite 300
Burbank, CA 91505
(323) 744-1146 Telephone
(888) 778-5695 Facsimile
*Stephanie@TheTatarLawFirm.com*

Attorneys for Plaintiff,
**CYNTHIA WRIGHT**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYNTHIA WRIGHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TARGET NATIONAL BANK and ) <br> PORTFOLIO RECOVERY ) <br> ASSOCIATES, LLC, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | **Case Action No.: 2:14-cv-4817** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S COMPLAINT

CYNTHIA WRIGHT (hereinafter referred to as "Plaintiff"), by her attorneys, Steven A. Simons and Stephanie R. Tatar, alleges the following against

TARGET NATIONAL BANK and PORTFOLIO RECOVERY ASSOCIATES, LLC:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1691 *et. seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal.Civ.Code §1788 *et. seq.* ("RFDCPA").

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff is an adult individual residing in North Hills, California.

5. Defendant TARGET NATIONAL BANK ("TARGET") is a business entity with its principal office located in 1000 Nicollet Mall, Minneapolis, MN, and which regularly conducts business in the State of California. TARGET is regularly engaged in the business of collecting debts and reporting such debts to the credit bureaus in the State of California.

6. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO") is debt collector who is regularly engaged in the business of collecting debts in the State of California, with a principle place of business at 120 Corporate Blvd. Norfolk, VA 23502. The principle purpose of Defendant PORTFOLIO is the collection of debts using the mails and telephone, and

Defendant PORTFOLIO regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

7. On or about August 17, 2011, TARGET sued Plaintiff Cynthia Wright in state court on an allegedly defaulted credit card, and claimed Plaintiff Cynthia Wright owed it $1,745.55, for account number XXXXXXXXXX850406 ("Account").

8. On or about January 17, 2013, after trial in the state court, judgment was entered in favor of Plaintiff Cynthia Wright and against TARGET on this Account.

9. Plaintiff Cynthia Wright was represented by attorney Steven Simons in the underlying suit. Mr. Simons had entered his appearance and received correspondence from TARGET's attorneys and from the state court.

10. The January 17, 2013 judgment operated as an adjudication upon the merits, pursuant to CCP §631.8.

11. The debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

12. TARGET's attorneys were sent a copy of this judgment, and received this judgment shortly after it was entered in January, 2013. In fact, on March 20, 2013, Target paid to Plaintiff the sum of $1,071.00 for Plaintiff's costs in the State Court action.

13. Upon information and belief, on June 24, 2013, TARGET sold the above referenced account to PORTFOLIO, despite the adjudication on the merits which absolved Plaintiff's responsibility on the Account.

14. The Account was sold to PORTFOLIO for the purpose of collection.

15. On or about July 8, 2013, Plaintiff discovered that TARGET sold the Account to PORTFOLIO.

16. On or about July 8, 2013, Plaintiff began receiving correspondence from PORTFOLIO demanding payment for the Account, in the amount of $1,745.55.

17. Plaintiff did not owe a debt to TARGET.

18. Plaintiff did not owe a debt to PORTFOLIO.

19. On or about July 17, 2013, Plaintiff sent a letter to PORTFOLIO, certified mail, and informed PORTFOLIO that she did not owe the debt they were attempting to collect.

20. Plaintiff also demanded that PORTFOLIO stop communicating with her regarding the alleged debt.

21. Plaintiff also attached a copy of the judgment which was entered in her favor.

22. Plaintiff sent a copy of this letter to TARGET as well.

23. PORTFOLIO did not comply with Plaintiff's demand to cease and desist communications.

24. On or about January 13, 2014, PORTFOLIO sent Plaintiff a letter, demanding payment of this debt.

25. During the period of July 9, 2013 and March 2014 Plaintiff received no less than eight telephone calls from Defendant Portfolio concerning the alleged debt. These calls would be from either an unidentified caller and/or an "800" number that, when she would call back, would not accept a return call. During each telephone call Plaintiff would advise the caller that she did not owe the debt, that she had submitted proof to Portfolio by way of the July 17, 2013 correspondence, and that the calls were being made to her mobile phone as she was transporting her children to school or to doctors' appointments.

26. In approximately January 2014 Plaintiff received a call from an individual from Portfolio who failed to identify himself. Upon advising the individual that she did not owe the debt, and that she had transmitted correspondence

concerning the debt to Portfolio in July 2013, the unidentified collector transferred Plaintiff to a "supervisor" and, after explaining the situation again, was advised that Portfolio would cease all collections activity.

27. Once again, Plaintiff notified PORTFOLIO that she did not owe the debt they were attempting to collect.

28. Notwithstanding Plaintiff's above demands to stop collection activities because she did not owe the alleged debt, Defendant PORTFOLIO continued to attempt to collect the debt.

29. Defendants acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. Defendants acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

31. Defendants acted in a false, deceptive, misleading and unfair manner by continuing to collect on the debt, despite multiple disputes by Plaintiff.

32. Defendants acted in a false, deceptive, misleading and unfair manner by misrepresenting the amount, character or legal status of a debt.

33. Defendants acted in a false, deceptive, misleading and unfair manner by communicating to any person credit information which is known or which should be known to be false.

34. Defendant PORTFOLIO knew or should have known that its actions violated the FDCPA and RFDCPA.

35. Defendant TARGET knew or should have known that its actions violated the RFDCPA.

36. Additionally, Defendants could have taken the steps necessary to bring their agents' actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

37. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

38. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

39. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, legal fees and costs, other pecuniary loss and expenses, emotional and mental pain and anguish, embarrassment and humiliation, stress, nervousness, fear, worry, irritability, and Plaintiff will continue to suffer damages for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.  FIRST CLAIM FOR RELIEF – TARGET
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL.CIV.CODE §1788 *et seq.*

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. TARGET sought to collect a consumer debt which was due and owing, or alleged to be due and owing, from Plaintiff.

42. Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

43. TARGET is not a firm of attorneys or counselors at law and is a company that, in the ordinary course of business, regularly, on behalf of itself or others or others, engages in debt collection as that term is defined by Cal. Civ. Code §1788.2(b), and is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

44. TARGET communicated to PORTFOLIO that Plaintiff owed the debt.

45. TARGET actions violated the RFDCPA including but not limited to the following:

    a. TARGET violated §1788.17 of the RFDCPA by failing to comply with 15 U.S.C. §1692e, by using false, deceptive and misleading representations in connection with the collection of the debt by representing that Plaintiff owed the debt to TARGET when Plaintiff did not owe a debt to TARGET.

    b. TARGET violated §1788.17 of the RFDCPA by failing to comply with 15 U.S.C. §1692e8 by communicating credit information regarding this alleged debt which it knew or should have known was false, and failed to communicate that the debt was disputed; and

    c. TARGET violated §1788.17 of the RFDCPA by failing to comply with 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount and legal status of the alleged debt.

46. As direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered actual damages, including but not limited to emotional distress.

47. TARGET's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the debt.

7
COMPLAINT AND DEMAND FOR JURY TRIAL

48. As a result of the above violations of the RFDCPA, TARGET is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## VI. SECOND CLAIM FOR RELIEF – PORTFOLIO
## VIOLATION OF THE FDCPA
## 15 U.S.C. §1692 *et.seq.*

49. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50. PORTFOLIO is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

51. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

52. The above contacts between PORTFOLIO and Plaintiff are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

53. PORTFOLIO violated the FDCPA. PORTFOLIO's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a), 1692c(c), 1692d, 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, as evidenced by the following conduct:

    a. Communicating with Plaintiff despite knowledge that Plaintiff was represented by an attorney with respect to the debt.

    b. Continuing to communicate with the Plaintiff despite being notified in writing that Plaintiff refused to pay the debt and despite Plaintiff's demand that it cease all further communications;

     c. Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

     d. The use of false, deceptive or misleading representations in connection with the collection of the debt;

     e. The false representation of the amount, character or legal status of a debt;

     f. Communicating credit information which is known or which should be known to be false, and failing to communicate that a debt is disputed;

     g. Using false representations or deceptive means to collect or attempt to collect the debt;

     h. Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

54. PORTFOLIO's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

55. As a result of the above violations of the FDCPA, PORTFOLIO is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorneys' fees and costs.

# VII. THIRD CLAIM FOR RELIEF – PORTFOLIO VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL.CIV.CODE §1788 *et seq.*

56. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57. PORTFOLIO sought to collect a consumer debt which was due and owing, or alleged to be due and owing, from Plaintiff.

58. Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

59. PORTFOLIO is not a firm of attorneys or counselors at law and is a company that, in the ordinary course of business, regularly, on behalf of itself or others or others, engages in debt collection as that term is defined by Cal. Civ. Code §1788.2(b), and is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

60. PORTFOLIO violated §1788.17 of the RFDCPA by failing to comply with 15 U.S.C. §1692c(a), 1692c(c), 1692d, 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, 1692f, as detailed above.

61. As direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered actual damages, including but not limited to emotional distress.

## VIII. JURY TRIAL DEMAND

62. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants as permitted by law, based on the following requested relief:

10
COMPLAINT AND DEMAND FOR JURY TRIAL

   a. Statutory damages;

   b. Actual damages;

   c. Punitive damages;

   d. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k, and Cal. Civ. Code 1788.30(c); and

   e. Such other and further relief as may be necessary, just and proper.

                  Respectfully Submitted,
                  TATAR LAW FIRM, APC

DATE: June 20, 2014          By: _____
                  Stephanie R. Tatar
                  Attorney for Plaintiff

11
COMPLAINT AND DEMAND FOR JURY TRIAL